## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAIL OF BITS, INC., | Case No.: 1:16-cv-7875 |
| *Plaintiff*, | |
| v. | **COMPLAINT** |
| DINO DAI ZOVI, | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

Plaintiff, Trail of Bits, Inc. ("Plaintiff"), by and through its attorneys, Giordano Halleran & Ciesla, PC, for its Complaint against defendant Dino Dai Zovi ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.   This is an action for cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and breach of contract/specific performance, arising from the Defendant's unauthorized and bad faith registration, trafficking in and use of the domain name trailofbits.com, containing Plaintiff's registered trademark TRAIL OF BITS, which Defendant was contractually obligated to transfer to Plaintiff.

2.   Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

5.     Plaintiff is a corporation that is incorporated under the laws of Delaware and has its principal place of business at 222 Broadway, 19th Floor, New York, New York.  Plaintiff has been operating a cybersecurity consulting and software development business under the mark, TRAIL OF BITS, since April 9, 2012, providing such services to clients throughout the United States.

6.     Upon information and belief, Defendant is an individual residing in New York, New York with a mailing address of 228 Park Avenue South #21664, New York, New York.

## FACTS COMMON TO ALL COUNTS

### Plaintiff and the Mark

7.    Plaintiff is a leading provider of cybersecurity consulting and software development services to major companies and governmental organizations throughout the United States.  It has been in operation since as early as April 2012.  Since that time, it has serviced clientele ranging from Facebook to DARPA, helping to secure some of the world's most targeted organizations and products.

8.    Plaintiff is the owner of valid and subsising United States Trademark Registration Nos. 4772625 and 4772626 on the Principal Register in the United States Patent and Trademark Office for the trademark TRAIL OF BITS(referred to herein as the "Mark") for the following goods and services:

a. Consulting in the field of computer system security; Design and development of computer software and computer system architecture; and

b. Training in the field of computer system security

Attached as Exhibit 1 are true and correct copies of the registration certificates for Plaintiff's United States Trademark Registration Nos. 4772625 and 4772626, both of which were issued by the United States Patent and Trademark Office on June 14, 2016.

9.    Plaintiff has used the Mark in commerce continuously since April 9, 2012 in connection with the offering for sale, sale, marketing, advertising and promotion of its cybersecurity consulting and software development services to customers from all over the United States.

10.    As a result of its widespread, continuous and exclusive use of the Mark to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Mark.

11.    Plaintiff's Mark is distinctive to both the consuming public and Plaintiff's trade.

12.    Plaintiff has expended substantial time, money and resources marketing, advertising and promoting the cybersecurity consulting and software development services offered and sold under the Marks.

13.    Additionally, Plaintiff has undertaken efforts to ensure that its cybersecurity consulting and software development services are of the highest quality, its customers receive excellent customer service, and that its customers' information is adequately protected while in its custody.

14.    As a result of Plaintiff's expenditures and efforts, the Mark has come to signify the high quality of cybersecurity consulting and software development services designated by the

Mark, and acquired incalculable distinction, reputation and goodwill belonging exclusively to Plaintiff.

**Defendant's Unlawful Conduct**

15.   Defendant is a former shareholder and former employee of Plaintiff.

16.   On or about October 8, 2012, Plaintiff and Defendant entered into an Employee Invention Assignment and Restrictive Obligations Agreement (the "Assignment Agreement").  Pursuant to the Assignment Agreement, in exchange for his continued employment, Defendant agreed to assign to Plaintiff, among other things, all technology, computer programs, works of authorship or any other intellectual property that relates to Plaintiff's past, present or demonstrated or reasonably foreseeable future business that were not specifically excluded in the Assignment Agreement.  Defendant excluded nothing in the Assignment Agreement.

17.   Additionally, in connection with the formation of Plaintiff in 2012, Defendant agreed to abandon any prior use of the Mark and transfer to Plaintiff all social media and electronic mail accounts bearing the Mark, along with the Domain and all other rights relating to the Mark (the "Oral Agreement").  In furtherance of this Oral Agreement, Defendant transferred to Plaintiff various social media accounts and

abandoned all use of the Mark, but failed to transfer the Domain registration to Plaintiff as promised.

18.   Upon information and belief, Defendant owns and/or controls the domain name trailofbits.com, registered through GoDaddy.com (the "Domain").  Upon the formation of Plaintiff, Defendant caused the Domain to be used in connection with Plaintiff's business, but never transferred the registration to Plaintiff.

19.   As the Domain constitutes intellectual property, Defendant was required under the Assignment Agreement to transfer the Domain to Plaintiff as it related to Plaintiff's business.

20.   On or around November 8, 2013, Defendant resigned from his employment at Plaintiff.

21.   On or about November 4, 2014, Plaintiff learned that Defendant had never transferred the Domain as required under the Assignment Agreement when Defendant asserted that the Domain was still his property.

22.   Despite Defendant's continued assertion of ownership of the Domain, he nonetheless continued to maintain it for Plaintiff's continued use.

23.   Ultimately, despite his clear obligation to assign and transfer the Domain pursuant to the Assignment Agreement, in May

2016, Defendant renewed in bad faith the Domain registration and offered to assign and transfer the Domain to Plaintiff, provided that Plaintiff agree to modify certain restrictive covenants to which Defendant was bound that restricted Defendant's ability to engage in certain competing businesses.

24.   Defendant's attempt to profit from the Domain by leveraging it to secure a more favorable restrictive covenant is of utmost bad faith and constitutes unlawful cybersquatting.

**COUNT I**
**(Cybersquatting)**

25.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 24 above.

26.   Plaintiff is the owner of valid and subsisting federal trademark rights in the Mark.

27.   Upon information and belief, Defendant has maintained the registration of, trafficked in, and is using the Domain, which is identical to Plaintiff's distinctive Mark.

28.   Upon information and belief, Defendant has no purposes or use for the Domain other than to extort a benefit from Plaintiff in exchange for the transfer.

29.   Defendant has a bad faith intent to profit from its registration of, trafficking in and use of the Domain, as demonstrated by his attempt to leverage a more profitable

restrictive covenant in exchange for transfer of the Domain to Plaintiff.

30.   Defendant's conduct as alleged herein constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

31.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation.  Defendant's conduct will continue to damage Plaintiff, and could raise issues with respect to third parties and the public given Plaintiff's services to government agencies and private commercial enterprises requiring information security, unless enjoined by this court. Plaintiff has no adequate remedy at law.

32.   Plaintiff is entitled to, among other relief, injunctive relief, transfer of the Infringing Domain, and an award of statutory damages or actual damages, enhanced damages, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## <u>(Breach of Contract/Specific Performance)</u>

33.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 32 above.

34.   Pursuant to the Assignment Agreement, Defendant was obligated to transfer the Domain to Plaintiff.

35.   This promise was provided in consideration for Defendant's continued employment by Plaintiff.

36.   Plaintiff has fully performed all of its obligations under the Assignment Agreement.

37.   Defendant's failure and refusal to transfer the Domain constitutes a breach of the Assignment Agreement.

38.   As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in amount to be determined at trial in this action.

39.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation.  Defendant's conduct will continue to damage Plaintiff, and could raise issues with respect to the public given Plaintiff's services to government agencies, unless enjoined by this court. Plaintiff has no adequate remedy at law.

40.   Plaintiff is entitled to, among other relief, specific performance in the form of transfer of the Domain to Plaintiff and an award of damages, together with prejudgment and post-judgment interest.

## COUNT III
## (Promissory Estoppel)

41.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 40 above.

42.   Alternatively, in 2012 Defendant made the Oral Agreement, in which he made a clear and definite promise to transfer to Plaintiff all rights relating to the Mark, including the Domain.

43.   Plaintiff has reasonably relied to its detriment on Defendant's promise.

44.   Defendant has failed to transfer the Domain, despite such promise, and, upon information and belief, still owns or controls the Domain.

45.   By virtue of the aforesaid, Defendant is estopped by principals of promissory estoppel from refusing to transfer the Domain to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief, including, but not limited to, the following:

(A)  Declaring that Defendant has violated the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

(B)  Directing Defendant to transfer the Infringing Domain to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C), or otherwise requiring Defendant to specifically perform his obligations under the Assignment Agreement to transfer the Domain to Plaintiff.

(C)  Granting an injunction preliminarily and permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from registering any domain name that is identical to or confusingly similar to the Mark.

(D)  Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11

(E)   Alternatively, directing Defendant to pay statutory damages to Plaintiff pursuant to 15 U.S.C. § 1117(d).

(F)   Awarding Plaintiff punitive and exemplary damages as the court finds appropriate.

(G)   Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

(H)   Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

(I)   Awarding such other relief as the Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

                              GIORDANO, HALLERAN & CIESLA, P.C.
                              Attorneys for Plaintiff,
                              *Trail of Bits, Inc.*


                              By: s/ Christopher J. Marino
                                 CHRISTOPHER J. MARINO

DATED:  October 7, 2016

Docs #2488598-v1

12